LAW OFFICES OF ERIK BABCOCK
ERIK BABCOCK (Cal. 172517)
717 Washington St., 2d Floor
Oakland CA 94607
Tel:  (510) 452-8400
Fax:  (510) 201-2084
erik@babcocklawoffice.com

Attorney for Defendant
DANIEL JAMES

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>DANIEL JAMES,<br><br>  Defendant. | Case No. 19-cr-00043-YGR<br><br>**NOTICE OF MOTION AND MOTION FOR HEARING TO DETERMINE COMPETENCY OF DEFENDANT, AND TO VACATE EXISTING LITIGATION DATES**<br><br>Date:   August 5, 2021<br>Time:  TBA<br>Dept:   Hon. Judge Gonzalez-Rogers |

**TO: FRANK RIEBLI AND SLOAN HEFFRON, ASSISTANT U.S. ATTORNEYS**:

**PLEASE TAKE NOTICE** that on August 5, 2021, at a time to be determined, Counsel for Defendant James will and hereby does move the Court for a hearing to determine that Mr. James is not competent to stand trial.  Counsel submits there is reasonable cause to believe that Mr. James is presently suffering from a mental disease or defect that renders him unable to assist properly and rationally in his defense.

Defense counsel requests a preliminary finding that there is reasonable cause to believe that Mr. James may not be competent to stand trial pursuant to 18 U.S.C. § 4241(a), followed by a hearing and determination that Mr. James is not competent stand trial.  Defense counsel submits that there is

reasonable cause to believe Mr. James is not competent based on the accompanying report of a reputable psychiatrist, filed under seal. The doctor met with and assessed Mr. James for competency issues. His report documents that Mr. James is in fact suffering from a mental disorder, that Mr. James is not malingering, and that Mr. James's mental disorder interferes with his ability to rationally assist counsel to such a degree that he is not competent to stand trial.

## LEGAL STANDARDS

Due process requires that a defendant be competent during a criminal proceeding. *Medina v. California*, 505 U.S. 437, 448 (1992). The standard for competence to stand trial is whether the defendant has "'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as factual understanding of the proceedings against him.'" *Drope v. Missouri*, 420 U.S. 162, 171 (1975). An inquiry into defendant's competency to stand trial must be made whenever there is reasonable cause to believe that defendant is incompetent, and the first step in such inquiry is an examination of defendant by a psychiatrist. *United States v. Marshall*, 458 F.2d 446 (2d Cir. 1972).

Under 18 U.S.C. §4241, counsel may file a motion for a hearing to determine the mental competency of the defendant. This section sets forth a "reasonable cause" standard such that, if met, the Court must grant the motion or order a competency hearing in accordance with 18 U.S.C. § 4247(d). In making its decision, the Court must determine "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. §4241(a).

18 U.S.C. §4241(a) makes clear that the hearing is mandatory. *See United States v. Mason*, 52 F.3d 1286, 1289 (4th Cir. 1995) ("The district court must *sua sponte* order a competency hearing if reasonable cause is demonstrated."); *United States v. White*, 887 F.2d 705, 710 (6th Cir. 1989)

("[T]he provision for a hearing is mandatory upon a determination of reasonable cause to believe that the defendant is incompetent to stand trial."). "Indeed, under the federal statute, the district court has not only the prerogative, but the duty, to inquire into a defendant's competency whenever there is 'reasonable cause to believe' that the defendant is incompetent to stand trial. Likewise, failure to order a hearing when the evidence raises a sufficient doubt as to a defendant's competence to stand trial deprives a defendant of due process of law." *White*, 887 F.2d at 709 (citing *Pate v. Robinson*, 383 U.S. 375, 385 (1966)).

Defense counsel are under a similar obligation to raise competency issues when they arise:

> [W]here there are substantial indications that the defendant is not competent to stand trial, counsel is not faced with a strategy choice but has a settled obligation . . . under federal law . . . to raise the issue with the trial judge and ordinarily to seek a competency examination.

*United States v. Sampson*, 820 F. Supp. 2d 202, 245 (D. Mass. 2011).

> "[I]t is not enough for the district judge to find that the defendant (is) oriented to time and place and (has) some recollection of events, but [] the test must be whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him."

*Dusky v. United States*, 362 U.S. 402 (1960) (internal quotation omitted).

Reaffirming *Dusky*, the Supreme Court in *Godinez v. Moran*, 509 U.S. 389, 402 (1993), reasoned that "[r]equiring [] a criminal defendant be competent has a modest aim: It seeks to ensure that he has the capacity to understand the proceedings and to assist counsel." This fundamental goal means that, "[f]or the defendant, the consequences of an erroneous determination of competence are dire. Because he lacks the ability to communicate effectively with counsel, he may be unable to exercise other 'rights deemed essential to a fair trial.'" *Cooper v. Oklahoma*, 517 U.S. 348, 364 (1996) (quoting *Riggins v. Nevada*, 504 U.S. 127, 139 (1992) (Kennedy, J., concurring in judgment)).

So cardinal is this "modest aim" to a defendant's constitutional rights that the Supreme Court has held that requiring a defendant to show he was incompetent by clear and convincing evidence

was unconstitutional because that standard failed to "'jealously guard[]' . . . an incompetent criminal defendant's fundamental right not to stand trial." *Cooper*, 517 U.S. at 363 (quoting *Jacob v. New York City*, 315 U.S. 752, 752-53 (1942)). In so holding, the Court reasoned that this fundamental right outweighs the government's interest "in the prompt disposition of criminal charges" and its interest "in the efficient operation of its criminal justice system." *Cooper*, 517 U.S. at 367.

## CONCLUSION

Based on the evidence submitted under seal, there is "reasonable cause" to believe that Mr. James is suffering from a mental disorder that prevents him from rationally assisting counsel. Defense counsel requests the Court find him incompetent and order him committed for hospitalization and treatment. If the government contests such a finding, the defense requests an evidentiary hearing on the issue. Defense counsel further requests that existing litigation deadlines be vacated until the competency issue is resolved.

DATED: July 16, 2021                    Respectfully submitted


                                        _____s/_____
                                        ERIK BABCOCK

                                        Attorney for Defendant
                                        DANIEL JAMES