1  STEPHANIE M. HINDS (CABN 154284)
   United States Attorney
2
   THOMAS A. COLTHURST (CABN 99493)
3  Chief, Criminal Division

4  AMANI S. FLOYD (CABN 301506)
   Assistant United States Attorney
5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-3495
        Telephone: (415) 436-6940
7       FAX: (415) 436-7234
        Amani.Floyd@usdoj.gov
8
   Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 19-CR-043 YGR |
| Plaintiff, | **DETENTION ORDER (as modified)** |
| v. | |
| DANIEL JAMES, | |
| Defendant. | |

On January 24, 2019, defendant Daniel James was charged by Indictment with one count of Conspiracy to Commit Offenses Against the United States in violation of 18 U.S.C. § 371 (Count One); one count of Conspiracy to Manufacture, Distribute, or Possess with Intent to Distribute Controlled Substances, to wit 280 grams or more of cocaine base and 500 grams or more of cocaine powder, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A), and (b)(1)(B) (Count Two); one count of Unlawfully Engaging in the Business of Dealing in Firearms Without a License in violation of 18 U.S.C. § 922(a)(1)(A) (Count Three); one count of Possession of a Machine Gun in violation of 18 U.S.C. § 922(o) (Count Nine); one count of Possession of a Firearm with an Obliterated Serial Number in violation of 18 U.S.C. § 922(k) (Count Ten); two counts of Distribution and Possession with Intent to Distribute 28 Grams or More of Cocaine Base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (Counts

1  Fifteen and Eighteen); and four counts of Distribution and Possession with Intent to Distribute Cocaine or
2  Cocaine Base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Counts Sixteen, Nineteen, Twenty, and
3  Twenty-One). Dkt. 10. On July 18, 2019, a Superseding Indictment was filed, but the Superseding
4  Indictment does not allege any additional charges against the defendant. *Compare* Dkt. 10 *with* Dkt. 131.

5  This matter came before the Court on June 7, 2022 for a detention hearing.[1] The defendant was
6  present and represented by Erik Babcock. Assistant United States Attorney Amani S. Floyd appeared for
7  the government. At the hearing, counsel submitted proffers and arguments regarding detention.

8  Upon consideration of the facts, proffers and arguments presented, and for the reasons stated on
9  the record, the Court finds by clear and convincing evidence that no condition or combination of
10 conditions will reasonably assure the safety of any other person or the community. Accordingly, the
11 defendant must be detained pending trial in this matter.

12 The present order supplements the Court's findings and order at the detention hearing and serves
13 as written findings of fact and a statement of reasons as required by Title 18, United States Code, Section
14 3142(i)(1). The defendant was initially scheduled to appear for a detention hearing on January 25, 2019.
15 Pretrial Services prepared a pre-bail report finding that Defendant posed a risk of flight given his
16 unemployed status, mental health issues, serious and longstanding substance abuse issues, history of
17 substance abuse arrests, and only one viable surety. At that time, Pretrial Services was particularly
18 concerned about issues regarding Defendant's suicidality and hallucinations in the detention facility.
19 Mitigating factors included his ties to the community and one viable surety. A co-occurring disorders
20 program was not available at that time, and Pretrial Services concluded that there were no conditions to
21 mitigate the defendant's risk of flight. With respect to danger, Pretrial Services expressed concern about
22 the nature of the offense and Defendant's prior arrests for robbery and attempted carjacking, his reported
23 suicidality and hallucinations, and concluded that there were no conditions to mitigate the risk of danger
24 to the community. Therefore, Pretrial Services recommended that Defendant be detained as a risk of flight
25 and danger to the community.

26
27
28
---
[1] The defendant previously waived detention without prejudice on May 30, 2019. Dkt. 109.

Defendant refused to appear in court on multiple occasions, and the detention hearing and findings were eventually waived. As a result, Defendant remained detained until his recent request to put the detention hearing back on calendar. In preparation for the June 7, 2022 detention hearing, Pretrial Services prepared an addendum pre-bail report. In that report, Pretrial Services provided information regarding a new proposed surety, Kimberly Williams, who advised that she has been in a romantic relationship with the defendant for 10 years and is willing to be a bond co-signer, custodian, and is willing to post her home to secure the defendant's release. Pretrial Services noted that when the original bail report was prepared in 2019, the defendant reported that he was romantically involved with Ms. Yolanda Rivera and did not report a relationship with Ms. Williams. Pretrial Services concluded that Defendant poses a risk of non-appearance that can be mitigated by a combination of release conditions but concluded that the danger Defendant poses to the community cannot be mitigated by a combination of release conditions. Specifically, Pretrial Services found the aggravating factors to be the nature of the instant offense, pattern of similar criminal activity, substance abuse history, unwillingness to participate in the mental health assessment at the BOP, reported suicidality, reported hallucinations, Dr. Ernie Gonzalez, Jr.'s mental health diagnosis and prognosis, and two disciplinary convictions on February 11, 2022 and February 24, 2022, as noted in Dr. Gonzalez's report. Mitigating factors were the availability of a third-party custodian, no adult felony convictions and the only conviction for a violent conviction was in 1992. Although Ms. Williams is willing to post her home to secure the defendant's bond, Pretrial Services in concerned that the defendant did not report that he was in a romantic relationship with her when he was interviewed in 2019. In addition, Dr. Gonzalez expressed concerns about the defendant's mental health prognosis given his unwillingness to participate in treatment while at the BOP facility. Further, Dr. Gonzalez opined that the defendant's disruptive behavior while at the BOP was not "a product of an untreated and/or uncontrolled mental illness." Pretrial Services is concerned that this indicates the defendant would not be amendable to community supervision and recommends that the defendant be detained as a risk of danger to the community.

During the detention hearing, Defendant admitted to selling firearms and drugs, although he contested the government's characterization of him as the leader of the drug and gun network. His explanation for refusing to come to court to participate in his own defense for the last three and a half

years was that he suffers from amnesia. There was no evidence presented to support such a diagnosis. As the government argued, Defendant has consistently shown defiant behavior under the strictest conditions, from refusing to participate in his defense, defiant behavior in the detention facility, and the refusal to participate in the court ordered mental health evaluation at the BOP psychiatric facility. While Defendant now contends that he is different and willing to cooperate and comply with conditions of his release, the court noted that the defendant displayed antagonistic and impertinent behavior during the detention hearing in this matter. For example, he accused Pretrial Services of trying to ruin his relationship with Ms. Williams[2], and when the deputy marshal told him to put his mask on, he apologized initially and put it on, but not over his nose. When the Deputy Marshal told him to put the mask over his nose, Defendant was agitated by the interruption and stated that he is older than the Deputy Marshal and accused the deputy marshal of not liking him because he doesn't understand him. He went on to tell the deputy marshal that he can't judge him and that he doesn't know what he has been through. The deputy told Defendant wearing a mask is a court requirement, yet Defendant continued to talk about how the deputy could not relate to a person of African dissent. The court found the defendant's impertinent comments to be further evidence that he is not amendable to community supervision given his uncooperative behavior in custody and impertinent and antagonistic comments during the detention hearing.

As noted on the record, the Court makes the following finding as the basis for its conclusion: Based on the nature and circumstances of the charged offenses, the weight of the evidence against the defendant, the mental condition of the defendant as described in the March 21, 2022 Bureau of Prisons Forensic Evaluation submitted to the Court, the 18 U.S.C. § 3142(e) presumption that "no condition or combination of conditions will reasonably assure the safety of any other person and the community" that was not rebutted by the defendant, and Pretrial's determination that the defendant is not an appropriate candidate for community supervision at this time, the Court finds that the defendant should be detained as a risk of danger to the community pending trial in this matter.  This finding is made without prejudice to the

---

[2] The court needs to be reasonably assured that the proposed surety will have sufficient moral suasion over the defendant. Having someone he truly cares about sign on the bond is supposed to provide a strong incentive for him to comply with conditions of release. Thus, Pretrial Services expressed a legitimate concern about the fact that Defendant provided Ms. Rivera as his significant other and proposed co-signer in 2019 but now provides Ms. Williams as a surety and custodian and indicates that she has been his significant other for 10 years.

defendant's right to seek review of defendant's detention or file a motion for reconsideration if circumstances warrant it.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: June 23, 2022

*Kandis Westmore*
HONORABLE KANDIS WESTMORE
United States Magistrate Judge