UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES**,<br>　　　　Plaintiff,<br><br>　　　　v.<br><br>**DANIEL JAMES**,<br>　　　　Defendant. | Case No. 19-CR-043 YGR<br><br>**PRE-TRIAL ORDER NO. 1** |

　　　　Having considered the filings to date and the regularly scheduled conferences, and for good cause shown, the Court enters the following orders:

1. **Trial Date and Schedule:**　The trial of this matter is set for **Monday, October 30, 2023.** Trial days shall begin with the parties and attorneys at 8:00 a.m.  Counsel shall arrive in court early enough to proceed promptly.  Trial proceedings with the jury shall proceed generally on Monday through Friday, from 8:30 a.m. to 1:40 p.m. with two twenty-minute breaks.  Additional time may be scheduled for matters outside the presence of the jury as necessary and determined by the Court.  Sidebars are not permitted.  Counsel should be prepared to anticipate issues so that they may be addressed outside of normal trial hours.  In this regard, Counsel should also be prepared to reconvene with the Court after the Court's standing calendars which normally begin at 2:00 p.m.

2. Parties advise that they jointly anticipate twelve (12) trial days.  Accordingly, parties are advised that trial will occur on the following days:  October 30-November 3, November 6-7, and November 13-17, 2023.  Should the jury be in deliberations and should all jurors be available, the Court will allow the jury to deliberate during the week of Thanksgiving.  If not proceedings will resume on November 27, 2023.

3. As provided more fully herein, the Court sets additional Pre-Trial Conferences for (i) **Friday,**

**September 15, 2023 at 11:00 a.m.** in Courtroom One of the United States Federal Courthouse in Oakland and (2) **Friday, October 6, 2023 at 2:00 p.m.** with the location to be determined.

4. **Standard Motions *in Limine*:** The Court hereby orders that witnesses shall be excluded until testimony is completed. A motion *in limine* refers "to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40, n. 2 (1984). Rulings on the pending motions were resolved on the record and are memorialized below in Attachment A.

5. Parties are ordered to admonish witnesses of the Court's rulings. Failure to comply with a ruling by the Court may result in sanctions, including without limitation the striking of the witness's entire testimony.

6. **Witnesses:**
    a. The government filed its list of all potential witnesses on August 17, 2023.
    b. By **Friday, September 8, 2023**, the parties shall submit to the Court in Word format, a list of all witnesses, parties, and counsel in alphabetical order to be used during voir dire.

7. **Exhibits and Exhibit Lists:**
    a. The government filed a list of all potential exhibits on August 17, 2023. As discussed, the government shall provide a revised list which indicates which exhibits are anticipated to be used as opposed to those which are identified in an abundance of caution. While it may assist the parties to have a list with Bates numbers, the filing need not include that information.
    b. No witness may be shown any document or other object until it has been marked for identification using an exhibit number. The parties shall file updated Exhibit Lists identifying those for which a stipulation of admissibility exists with an "S" in the appropriate box. To the extent an exhibit is included for the mere purpose of refreshing recollection, the list shall so indicate. Such as by use of an "*" asterisk.

    The jury may not be shown any exhibits until admitted into evidence or stipulated by the parties as to admissibility without the express permission of the Court.

If appropriate, the jury will be allowed to use a secured laptop computer to review evidence admitted during trial. Counsel should review the Court's information in this regard found at: http://cand.uscourts.gov/jurypc.

All proposed exhibits which constitute compilations and or summaries shall be provided to the opposing party by no later than **September 8, 2023** to allow sufficient time to verify the accuracy of the same.

The Updated Exhibit List shall be filed no later than **October 23, 2023.**

8. **Expert Disclosures**. The parties shall advise the Court no later than **September 8, 2023** whether experts will be used at trial and appropriate disclosures have been made.

9. **Additional Disclosures**: The Court confirms that the parties has represented that all *Henthorn,* non-*Jencks Brady,* the *Jencks* Act, and all defense reciprocal disclosures shall be made by September 11, 2023.

10. **Equipment:** Projectors, screens and similar equipment must be tested in the courtroom prior to the day when it will be used. Arrangements may be made with the Courtroom Deputy as to appropriate time for doing so. Defense counsel may reserve a conference room in the attorneys lounge for the period of the trial. However, they are only available on a first-come, first-serve basis. Further, defense counsel must provide the Court with a form of order for (i) any equipment or supplies requested to be brought into the courthouse and (ii) any in-custody defendant to be dressed in civilian clothing.

11. **Opening Statements:** Parties must meet and confer to exchange any visuals, graphics or exhibits to be used in opening statements. Unless otherwise agreed, the exchange must occur no later than the close of business on the Wednesday before trial. Any objections not resolved must be filed in writing by the Thursday before trial. The parties shall be available by telephone on the Friday before trial to discuss the issues raised with the Court. The parties are reminded that the purpose of an Opening Statement is not to argue the facts but to provide the jurors with an outline of what each side expects the evidence will show.

12. **Witnesses at Trial:** The party presenting evidence shall give the other party 24 hours written notice of the witnesses to be called unless otherwise agreed upon by the parties themselves.

For Monday witnesses, opposing counsel must be advised by noon the preceding Saturday. The parties are admonished that use of trial time is critical given the limited resources of the Court. All parties must have witnesses ready and available to testify. If the party presenting evidence does not have a witness ready to be called once a prior witness steps down, that party may be deemed to have rested its case. Witnesses *may* be taken out of order upon stipulation or with leave of Court *provided that* the circumstances giving rise to such an accommodation are promptly called to the attention of opposing counsel and the Court.

13. **Objections:**  There shall be no "speaking objections," and no rebuttal unless requested by the Court, in which case it shall be brief – e.g., "hearsay," and if a rebuttal requested, "not offered for the truth." If either counsel needs to make a better record, he/she may do so when the jury is out at the next break.

14. **Requests for Transcripts:**  If transcripts will be requested during or immediately after the trial, arrangements must be made with the Court Reporter Coordinator **at least** two weeks prior to the commencement of the trial.

15. **Trial Decorum and Procedure:**  Counsel, parties, and witnesses are expected to conduct themselves at all times – on or off the record and whether or not in the presence of a jury – in a professional and courteous manner during trial. Do NOT approach other parties' witnesses without permission. You may approach your own non-hostile witnesses without permission.

    During voir dire you will be allowed to use the bathrooms in the jury room so that you do not share the facilities with the jurors. You may not linger in the jury room or use any exit door other than the one leading to the courtroom.

16. **Procedural Stipulations:** The parties shall review and file the procedural stipulations included herewith as Attachment B. To the extent agreed upon, the parties shall file said document by **Friday, September 8, 2023**.

17. **Trial Exhibit Certification:** Upon conclusion of the trial, the parties shall review the exhibits and confirm the accuracy of those going into the jury room. The parties shall complete, deliver, and file the certification in the form included herewith at Attachment C.

18. **Revised jury instructions**: As addressed at the August 23 pre-trial hearing, the parties shall

file a revised jury instructions which separate the instructions provided before evidence and the set to be given after the close of evidence.  These instructions shall be filed by **September 29, 2023** and the parties shall provide the Court with a Word version of each.  The docket in *United States v Bellhouse*, 22-cr-66, provides a good model.

19. **Revised verdict form**: As addressed at the August 23 pre-trial hearing, the government shall file a revised verdict form by **September 29, 2023.**

20. The Court's practice is not to admit the charging document as such document is not evidence.  Accordingly, the instructions shall be revised to provide the necessary contents from therefrom.

21. **Jurors and Peremptory Challenges:**  The Court will seat a total of twelve (12) jurors and three (3) alternates.  Pursuant to Rule 24 Criminal Rules of Civil Procedure, because the offense charged is punishable by imprisonment for more than one year, the government is allocated six (6) peremptory challenges and the defendant is allocated ten (10) peremptory challenges.  Accordingly, peremptory challenges shall be exercised in the following sequence:

- Prosecution First
- *Defense First and Second*
- Prosecution Second
- *Defense Third and Fourth*
- Prosecution Third
- *Defense Fifth and Sixth*
- Prosecution Fourth
- *Defense Seventh and Eighth*
- Prosecution Fifth
- *Defense Ninth*
- Prosecution Sixth
- *Defense Tenth*

In addition, each party shall be allocated two (2) additional peremptory challenges for the three alternate jurors empaneled.  The additional peremptory challenges may be used against an alternate juror only.  The initial set of peremptory challenges may not be used for the alternate jurors.  *Batson* motions must be made in a timely fashion, that is, before the juror in question is excused.  Argument on the same shall be made outside the presence of the jury panel.

Given current COVID-19 protocols, all potential jurors are sent a Survey Monkey

questionnaire to obtain basic information before jury selection.  The answers to those questions shall be provided to counsel in advance of jury selection.  In accordance with Model Rule of Professional Conduct 3.5(b) and Formal Opinion for 466, the parties "may review a juror's or potential juror's Internet presence, which may include postings by the juror or potential juror in advance of and during the trial, but . . . may not communicate directly or through another with a juror or potential juror."  A party "may not, either personally or through another, send an access request to a juror's electronic social media.  An access request is a communication to a juror asking the juror for information that the juror has not made public and that would not be the type of ex parte communication prohibited by Model Rule 3.5(b)."  Further, to the extent that a party asks any follow-up questions to a prospective juror during *voir dire* regarding information obtained from the review, the party shall disclose the review to the juror.  Counsel shall be provided twenty (20) minutes to conduct additional *voir dire* beyond that of the survey and the Court's follow up.

Jurors are shown two videos prior to arrival in the courtroom:  one on the process generally and the other on unconscious bias.  These are available for the parties' review on the Court's website: https://cand.uscourts.gov/jury/.

22. **Failure to Comply:**   Failure to comply with the obligations set forth in this order will result in sanctions appropriate to the gravity of the failure, including, but not limited to monetary fines and/or evidentiary sanctions.

**IT IS SO ORDERED.**

Dated:   August 25, 2023

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE

**Attachment A**

Having considered the filings to date and oral argument, for good cause shown, and for the reasons stated on the record, the Court enters the orders below regarding the pending motions *in Limine* ("MILs"). As a threshold matter, the Court reiterates that the Federal Rules of Evidence apply and, in general, the motions are vastly overbroad. Further, with respect to all these orders, if a party opens a door by eliciting evidence which would make presumptively excluded evidence relevant and/or change the balance under Federal Rule of Evidence 403, a party may seek permission for the Court to reconsider a ruling.[1]

**Motions of the United States**

**Motions in Limine Nos. 1-3: Entry of Statements (Dkt. Nos. 625-627): Denied**

The government moves that statements by a confidential informant, defendant, and co-conspirators be admissible when presented by the government. As stated at the August 23 hearing, these motions are **DENIED** as overbroad as they did not identify the specific statements at issue.

Parties shall meet and confer with respect to the specific statements and any accompanying text required for context. To the extent any disputes remain, the parties shall comply with the process stated on the record and submit joint document which identifies the statements, the statements required for a context, and any objections. Each item of dispute shall be separately numbered and shall conform to a proposed form of order which shall include a chart identifying each statement with a column to grant or deny the request. Said disputed items shall be filed by **September 8, 2023** for discussion at the **September 15, 2023** pre-trial conference. Counsel should contact chambers if clarity on the process is required.

---

[1] The motions and briefing were improperly filed. Defendant filed his four MILS in a single entry. (Dkt. No. 619.) As they correspond directly with the government's MILs, they do not need to be separately addressed and are therefore **DENIED AS MOOT**. Next, defendant filed his oppositions to the government's MILs as actual "motions." The court clerk is directed to **TERMINATE** those docket entries, namely Nos. 636-639.

**Motion in Limine No. 4: Admit drug and firearm evidence (Dkt. No. 628): Granted**

As stated on the record, this motion to admit the noted physical evidence is **GRANTED**. However, such evidence will not admitted into the jury room but inspected in open court and shall remain in the possession of the FBI.

This Order terminates docket numbers 619, 625-628, and 636-639.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>            Plaintiff,<br><br>    v.<br><br>**DANIEL JAMES,**<br><br>            Defendant. | Case No. 19-CR-043 YGR<br><br>**PROCEDURAL STIPULATIONS**<br>**(ATTACHMENT B TO PRETRIAL ORDER)** |

PLEASE INITIAL AND SIGN as acceptable:

It is stipulated that the Defendant will be deemed present with counsel, and each of the jurors will be deemed present, upon reconvening after each adjournment or recess, unless the contrary is noted for the record.
            For the Plaintiff _____            For the Defendant _____

It is stipulated that the Jury Instructions and the Exhibits may go into the Jury Room during deliberations.
            For the Plaintiff _____            For the Defendant _____

It is stipulated that the parties need not be present when, during jury deliberations, the jurors are excused for lunch, return for lunch, and/or are discharged in the evening and resume in the morning.
            For the Plaintiff _____            For the Defendant _____

It is stipulated that, during jury deliberations, the jury may recess without further admonition and without assembling in the jury box, and that they may resume their deliberations upon the Deputy Clerk's determination that all jurors are present.
            For the Plaintiff _____            For the Defendant _____


(Party Name) _____            (Party Name) _____

_____            _____
      Signature (Plaintiff's Attorney)                              Signature (Defense Attorney)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>**DANIEL JAMES,**<br><br>Defendant. | Case No. 19-CR-043 YGR<br><br>**PARTY CERTIFICATION RE: EXHIBITS DELIVERED TO JURY**<br>**(ATTACHMENT C TO PRETRIAL ORDER)** |
|---|---|

I have reviewed the exhibits which will be submitted to the jury and confirm that they represent only those exhibits admitted into evidence during the course of the trial.

(Party Name) _____     (Party Name) _____

_____     _____
  Signature (Plaintiff's Attorney)                    Signature (Defense Attorney)